UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re:

GEORGE ALBERT DOLAK, II, and
RUANDA LEE DOLAK,

Debtors.

Chapter 13 Case

No. 4:21-bk-02398-SHG

**STIPULATED ORDER CONFIRMING SECOND AMENDED CHAPTER 13 PLAN**

The Second Amended Chapter 13 Plan (docket 40, the "Plan") having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A)     **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 – 12 | $1,269.02. |
| 13 - 58 | $1,129.65 |

The payments are due on or before the 2nd day of each month commencing May 2, 2021. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.

Any funding shortfall must be cured before the plan is deemed completed. The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years within 14 days of filing them.

2) <u>Other Property</u>. **If the Debtors receive a tax refund in excess of $1,000, the debtors shall pay such refund directly to the Trustee as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.** In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION**. This Plan shall continue for 58 months from the first regular monthly payment described in Paragraph (A) (1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) Debtors are instructed to remit all payments on or before the stated due date each month. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming.

(D) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

1) <u>Administrative expenses</u>:

   <u>Attorney Fees</u>. Alan R. Solot, shall be allowed total compensation of $4,497 attorney's fees. Attorney fees of $1,547 were paid by the Debtors prior to filing this case. Alan R. Solot will be paid $2,950 by the Chapter 13 Trustee.

   <u>Flat Fee</u>. Counsel for the Debtor has agreed to a total sum of $4,500 or less to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

   - [x] All of the below, except Additional Services.
   - [x] Review of financial documents and information.
   - [x] Consultation, planning, and advice, including office visits and telephone communications.
   - [x] Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
   - [x] Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
   - [x] Attendance at the § 341 meeting of creditors.
   - [x] Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
   - [x] Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.

2

☒ Responding to motions to dismiss, and attendance at hearings.
☒ Responding to motions for relief from the automatic stay, and attendance at hearings.
☒ Drafting and mailing of any necessary correspondence.
☒ Preparation of proposed order confirming the plan.
☐ Representation in any adversary proceedings.
☒ Representation regarding the pre-filing credit briefing and post-filing education course.

2) <u>Claims Secured by Real Property</u>:

   a. Creditor Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-R2 ("PHH Mortgage Corporation") secured by a security interest in the Debtor's residence shall be paid $ 18,617.10 through the plan for the arrears described in the proof of claim filed April 26, 2021 at Claim 11.
   b. As provided for in this Court's Standing Order Effective October 1, 2008 for conduit plans and in Rule 3002.1, in the event that PHH Mortgage Corporation's payment shall change, Debtors must pay the then-current monthly payment amount so long as PHH Mortgage Corporation complies with the requirements of Rule 3002.1.
   c. The conduit shall be paid by Trustee through the plan beginning in month one of the Plan for the mortgage payment due to creditor on May 1, 2021. The conduit shall be paid through the plan for a total of 58 monthly mortgage payments. For any month where the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and adequate protection payments that have come due, the amount due for that month will be paid to creditor on the next regular disbursement date when Debtor's account balance has sufficient funds.

3) <u>Claims Secured by Personal Property</u>:

   Titlemax of Arizona, Inc., claim number 10, secured by a lien in a certain 2002 Pontiac Bonneville, shall be paid a secured claim of $800.77 with 3.50% interest. The creditor will receive adequate protect payments of $10.00 per month. Upon the entry of Debtors' discharge the lien on that certain 2002 Pontiac Bonneville, shall be released to Debtors by Titlemax of Arizona, Inc.. Any amounts remaining shall be paid as an unsecured nonpriority claim and discharged at the completion of the Plan.

   Credit Acceptance is no longer a secured creditor on the 2013 Chevy Cruise which was totaled 3/24/21 in motor vehicle collision.

4) <u>Unsecured Priority Claims</u>:

5) <u>Other Provisions</u>:

   None

6) <u>General Unsecured Non-priority Claims</u>. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the

3

payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. §1328(a).

b. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

**ORDER SIGNED ABOVE**

Approved as to Form and Content by:

_____

Dianne Crandell Kerns, Trustee

/s/ Alan R. Solot
_____
Alan R. Solot
Attorney for Debtor(s)

_____
GEORGE ALBERT DOLAK, II, Debtor

_____
RUANDA LEE DOLAK UGHES, Debtor

4

# PLAN ANALYSIS

| | | |
|---|---|---:|
| (1) | Trustee's compensation (10% of Total plan payments to Trustee) | $ 6,719.42 |
| (2) | Administrative Expenses (§(C)(2)) | $ 2,950.00 |
| (3) | Leases and Executory Contracts (§(C)(3)) | $ 0.00 |
| (4) | (a) Conduit Mortgage Payments (§ (C)(4)(c)) | $ 36,826.52 |
| (4) | (b) Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c)) | $ 19,817.10 |
| (5) | (a) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Unmodified. | $ 0.00 |
| (5) | (b) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified. | $ 878.73 |
| (6) | Priority Unsecured Claims (§(C)(6)) | $ 0.00 |
| (7) | Unsecured Nonpriority Claims (§ (c)(7)) | $ 0.00 |
| (8) | Total of Plan Payments to Trustee | $ 67,192.14 |

**(J) Section 1325 Analysis.**

(1) Best Interest of Creditors Test:

| | |
|---|---:|
| Value of Debtor's interest in nonexempt property | $ 150.00 |
| Plus: Value of property recoverable under avoidance powers | $ 0.00 |
| Less: Estimated Chapter 7 administrative expenses | $ 187.50 |
| Less: Amount payable to unsecured, priority creditors | $ 0.00 |
| Equals: Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7 | $ 0.00 |

(2) Section 1325(b) Analysis:

| | |
|---|---:|
| (a) Monthly Disposable Income, Schedule J, (if less than $0, then state $0) | $ 0.00 |
| Applicable Commitment Period | $ 36 |
| Total of Line 2(a) amount x 36 | $ 0.00 |
| (3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan | $ 0.00 |

/ / /

/ / /

/ / /

/ / /

5

The Debtor(s) certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*/s/ George A. Dolak II*

_____
GEORGE ALBERT DOLAK, II, Debtor

*/s/ Ruanda Lee Dolak Ughes*

_____
RUANDA LEE DOLAK UGHES, Debtor

6